

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281**

DIVISION OF
ENFORCEMENT

CHARLES D. RIELY
(212) 336-0535
RIELYC@SEC.GOV

JASON W. SUNSHINE
(212) 336-9090
SUNSHINEJ@SEC.GOV

November 14, 2016

**VIA ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

   Re: <u>SEC v. Sanjay Valvani and Gordon Johnston 16 Civ. 4512 (KPF)</u>

Dear Judge Failla:

  Pursuant to the Court's orders on August 11, 2016 and October 5, 2016, Plaintiff Securities and Exchange Commission (the "Commission") hereby respectfully submits a report regarding the status of the action against the two named defendants in this action.  We have also enclosed: (1) a copy of a Consent and proposed Judgment ("Judgment") as to Defendant Gordon Johnston ("Johnston");[1] and (2) a Statement of Death of Defendant Sanjay Valvani ("Valvani"), providing notice that the Commission does not intend to seek to substitute a representative for Valvani, pursuant to Federal Rule of Civil Procedure 25(a)(1).

**<u>Background</u>**

  On June 15, 2016, the Commission filed this action alleging that Valvani, who was a portfolio manager at Visium Asset Management, L.P. ("Visium"), and Johnston, a former official of the U.S. Food and Drug Administration's Office of Generic Drugs ("OGD"), participated in an insider trading scheme.  The Complaint alleges that Valvani obtained advance notice of two separate approvals by OGD to permit the sale of a drug called enoxaparin, which is a generic version of the brand-name drug Lovenox, manufactured by Sanofi S.A. ("Sanofi").  The first approval was of Momenta Pharmaceuticals Inc.'s ("Momenta") application and the announcement of this approval was made on July 23, 2010 (the "Momenta Announcement").  The second approval was of Watson Pharmaceuticals Inc.'s ("Watson") application, and the announcement of this approval was made on September 19, 2011 (the "Watson Announcement").  The Commission alleged that Valvani obtained material, non-public

---

[1]  An electronic copy of the Judgment was also submitted by email to the Judgment Clerk of the Court, in accordance with ECF Rule 18.4.

information concerning these announcements from Johnston, who served as a paid consultant to Visium and who himself obtained this information from then-current OGD employees and friends whom he knew from his service in OGD. Between 2009 and 2010, Johnston earned approximately $108,000 from his consultation with Valvani. According to the Complaint, after receiving this confidential information from Johnston, Valvani traded in the securities of Momenta and Sanofi ahead of the Momenta Announcement and the Watson Announcement, including short selling, on the basis of the information he obtained from Johnston.

On the same day that the Commission filed its action, the United States Attorney's Office for the Southern District of New York announced criminal charges against Valvani and Johnston. Johnston pleaded guilty to the criminal charges and is currently awaiting sentencing.

**Proposed Settlement With Johnston**

As part of the proposed settlement that the Commission is submitting for the Court's review, Johnston has agreed to the entry of an order: (i) permanently enjoining him from violations of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10b-5; and (ii) ordering Johnston to pay disgorgement in the amount of $108,000 plus prejudgment interest thereon in the amount of $19,496.03,[2] for a total of $127,496.03. The disgorgement figure represents the consulting fees that Johnston received from Visium in 2009 and 2010, largely for the information he provided concerning enoxaparin. The proposed settlement includes a term that, upon motion of the Commission, the Court will determine whether civil penalties are appropriate against Johnston, and, if so, the amount of such penalties. As part his Consent, Johnston has also agreed to cooperate with the staff in its ongoing investigation. The Commission expects to file a motion regarding penalties after Johnston is sentenced in the parallel criminal case. An electronic copy of the proposed Judgment was submitted by email to the Judgment Clerk of the Court, in accordance with ECF Rule 18.4.

**Statement of Death as to Valvani**

Shortly after the instant action and the parallel criminal action were filed, on June 20, 2016, Valvani committed suicide. On July 6, 2016, the USAO filed a nolle prosequi recommending that the charges against Valvani be dismissed because of his death. Earlier today, the Commission filed the enclosed Statement of Death of Defendant Sanjay Valvani. This filing, which provides notice that the Commission does not intend to seek to substitute a representative for Valvani, pursuant to Federal Rule of Civil Procedure 25(a)(1), will result in the dismissal of the Commission's action as to Valvani.

\* \* \*

---

[2] Prejudgment interest was calculated at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

The Commission respectfully requests that Your Honor enter the proposed Judgment with respect to Johnston. We are available for a conference should the Court have any further questions.

Respectfully,

Charles D. Riely
Jason W. Sunshine

cc: Barry H. Berke, Counsel to Sanjay Valvani (via email)
Christopher B. Mead, Counsel to Gordon Johnston (via email)